IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01673-RPM

DONNA D. JEWKES,

    Plaintiff,

v.

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of discovery disputes, and to protect the confidentiality of documents produced or information disclosed, the production of which could harm a party's competitive standing, Plaintiff Donna D. Jewkes ("Plaintiff") and Defendant USAA Casualty Insurance Company ("USAA") stipulate as follows:

The parties will follow the procedures set forth in this Stipulated Protective Order with respect to disclosure of information, documents, or things in this litigation:

    **A.    Confidential Information**

As used in this Stipulated Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing that a party (the "Designating

Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Paragraphs A.1-4 below.

  1. A party may designate its answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena duces tecum, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon each page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Receiving Party"), its attorneys, its agents, or its employees, except in accordance with the terms of this Stipulated Protective Order.

  2. In the case of CONFIDENTIAL INFORMATION in a non-paper medium (*e.g.*, video or audio tape, computer discs, CD-ROMs, DVDs, etc.), a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

  3. To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or, within twenty (20) business days after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific pages of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION. All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the twenty-day period. The portions so designated shall not be utilized or disclosed by the other party, its agents, or its employees, except in accordance with the terms of this Stipulated

Protective Order. All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" on every page so designated.

    4.    Documents, testimony, evidence, and other matters may be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter constitutes a trade secret or other confidential research, development, or commercial information; or confidential medical or financial information of an individual.

    5.    Documents, testimony, evidence, and other matters shall not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter:

    a.    is, at the time of disclosure by the Designating Party, already in the possession of the Receiving Party, was not acquired from the Designating Party, and has previously been released or produced by the Designating Party without a "Confidential" designation; or

    b.    has been made available to the Receiving Party, other than through the discovery process, by a third-party who obtained the same by legal means without any obligation of confidence to the Designating Party.

    **B.**    **Disclosure and Use of Confidential Information**

    1.    CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

    a.    the attorneys for the Receiving Party in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

    b. the Receiving Party and officers, directors and employees of the Receiving Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

    c. mediators, court reporters, court officials, and the jury involved in this litigation;

    d. experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed an Agreement in the form attached as Exhibit A; and

    e. any other non-party witnesses or deponents who have executed an Agreement attached as Exhibit A or who have been given a copy of and agree on the record to abide by the Stipulated Protective Order.

 Counsel for the Parties shall maintain the originals of signed Agreements for a period of six (6) years from the date of the signing of the Agreement.

   2. CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including any other litigation, whether on the same issues in this case or others, or for any business or personal purpose.  Nothing in this Stipulated Protective Order shall prevent the Designating Party from any use of its own CONFIDENTIAL INFORMATION. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in Paragraphs B.1.d-e above, unless the party disclosing information to that person determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent.

3.      Any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Stipulated Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

4.      CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit.  All such copies or reproductions shall be subject to the terms of this Stipulated Protective Order.

5.      If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons beyond those included in Paragraph B.1 above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed an Agreement in the form attached as Exhibit A, unless the Court rules otherwise.

6.      Use in Depositions.  Material designated as CONFIDENTIAL may be used at a deposition if:

a.      the counsel for the party using such material advises the witness of the terms of this Stipulated Protective Order, provides a copy to the witness, and the witness agrees on the record to maintain the confidentiality of the material; or

b.      the witness executes an Agreement attached as Exhibit A to this Stipulated Protective Order.

If the witness refuses to agree to either be bound by the Stipulated Protective Order on the record or to execute Exhibit A, then the party seeking to use such CONFIDENTIAL

INFORMATION at that witness' deposition must obtain leave from the Court before disclosing the material to the witness.

       7.     Use in Briefs and as Exhibits.  If any document containing CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION in a sealed envelope or container clearly marked "CONFIDENTIAL INFORMATION" and with a statement substantially in the following form:

> This envelope contains documents which are filed in this action by [name of party] and which are confidential pursuant to a Stipulated Protective Order.  This envelope is to remain sealed and its contents disclosed only to the Judge or those persons authorized to view its contents under the terms of the Stipulated Protective Order.

**C.    No Waiver**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Stipulated Protective Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

**D.    Application of this Stipulated Protective Order**

This Stipulated Protective Order shall apply to all discovery responses or papers, deposition transcripts, summaries, notes, abstracts, or other documents or information that comprise, embody, or summarize any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION.  Nothing in this Stipulated Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial

action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION.  Agreement to the terms of this Stipulated Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

### E.   Confidentiality Challenge

A party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made and shall specify the basis for the objection.  All objections must be made in good faith.  The designating party shall then have twenty (20) days from receipt of the written objection to respond to the objecting party and to arrange for a meet and confer. After any meet and confer, a party may file a motion to resolve the dispute. The party asserting the CONFIDENTIAL designation will bear the burden of proving such protection is warranted. Pending any court ruling, the provisions of this Stipulated Protective Order shall apply and disclosure and use of the challenged documents or information shall not be made except as provided under this Stipulated Protective Order.

### F.   Confidential Information at Trial

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Stipulated Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this Stipulated Protective Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any

available objections, including without limitation objections concerning admissibility, materiality, and privilege.  The parties to this Stipulated Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial.  The parties may request special procedures or in camera treatment.

          **G.**      **Inadvertent Disclosure**

If, due to inadvertence or mistake, a designation of CONFIDENTIAL INFORMATION is not made at the time of disclosure, a party or third-party witness may designate documents or information as such by serving notice of such designation on the parties in writing. Following such designation, the terms of this Stipulated Protective Order shall apply and disclosure of the CONFIDENTIAL INFORMATION following such designation shall be made only in accordance with this Stipulated Protective Order. The disclosure of the CONFIDENTIAL INFORMATION before such designation shall not be deemed a waiver of the designating party's right to preserve the alleged proprietary, confidentiality, or trade secret status of the CONFIDENTIAL INFORMATION. The disclosure of the CONFIDENTIAL INFORMATION before such designation also shall not be considered a violation or breach of the Stipulated Protective Order, but nothing herein shall immunize a disclosure otherwise prohibited by law.

The parties agree that the inadvertent production of any documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return the document, destroy all

copies (including copies on any electronic database), summaries, or other documents created or generated from information contained in such copies, and make no use or further disclosure of the information contained in the document.

### H. Specific Disclosure

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this Stipulated Protective Order regarding other uses of that CONFIDENTIAL INFORMATION. The Designating Party may refuse to agree to specific disclosure of its CONFIDENTIAL INFORMATION.

### I. Modification

This Stipulated Protective Order may be modified only by Order of the Court or by written agreement of the parties.

### J. Maintenance of Confidential Information

CONFIDENTIAL INFORMATION provided to a Receiving Party shall be securely maintained in the offices of that party's outside counsel. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information.

### K. Continuing Jurisdiction After Termination of Litigation

This Stipulated Protective Order, insofar as it restricts the communication and use of CONFIDENTIAL INFORMATION, shall survive and continue to be binding after the conclusion of this action, and the Court shall retain jurisdiction over these parties, every person

who agrees to be bound by the terms of this Protective Order, and this matter for the purpose of ensuring compliance with the Order and granting such other and further relief as may be necessary.

      **L.**      **Return or Destruction of Confidential Information**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall return all CONFIDENTIAL INFORMATION the parties produced during this case, all copies of such CONFIDENTIAL INFORMATION, and shall destroy all work product relating to CONFIDENTIAL INFORMATION within (30) days of a written request from the Designating Party, which notice shall be given within (30) days after said final disposition of this case.

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for the party disclosing CONFIDENTIAL INFORMATION to an individual included within Paragraphs B.1.d-e shall provide written notice to that individual of the final disposition of the case and shall ask that individual to execute an affidavit, attached as Exhibit B, within thirty (30) business days following the final resolution of this action. In response to such a request, individuals included under Paragraphs B.1.d-e shall execute an affidavit, attached as Exhibit B, and shall return the executed affidavit to counsel as requested.

DATE:  July 24, 2014

AGREED:

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| *s/ Robert D. Green* | *s/ Jessica G. Scott* |
| 440 Louisiana Street, Suite 1930 | John M. Vaught (#9531) |
| Houston, Texas 77002 | Jessica G. Scott (#37287) |
| Telephone:  713.654.9222 | Michael C. Song (#46754) |
| Facsimile:  713.654.2155 | Wheeler Trigg O'Donnell LLP |
| Email: green@greentriallaw.com | 370 Seventeenth Street, Suite 4500 |
| | Denver, CO 80202-5647 |
| | Telephone:  303.244.1800 |
| | Facsimile:  303.244.1879 |
| | Email:  vaught@wtotrial.com |
| | scott@wtotrial.com |
| | song@wtotrial.com |
| *Attorney for Plaintiff* | *Attorneys for Defendant USAA Casualty Insurance Company (USAA)* |

## **ORDER**

The preceding Stipulated Protective Order is approved, ordered and entered this _____ day of _____, 2014.  This Stipulated Protective Order may be modified by the Court at any time, for good cause shown, following notice to all parties and an opportunity for them to be heard.

DATED:  July 29, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01673-RPM

DONNA D. JEWKES,

    Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2014, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Colorado, in matters relating to the Protective Order, and understands that the terms of the Protective Order obligate him/her to use Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

A - 2

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    _____
                                                       Signature

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01673-RPM

DONNA D. JEWKES,

    Plaintiff,

v.

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.

---

**AFFIDAVIT REGARDING RETURN OF CONFIDENTIAL INFORMATION**

---

STATE OF _____ )
                                     ) ss.
COUNTY OF _____)

    I, _____, being first duly sworn, depose and state as follows:

    1.    During the course of this civil action, I received Confidential Information, as that term is defined in the Stipulated Protective Order entered by the Court dated _____, 2014, from _____.

    2.    I certify that I have returned all Confidential Information produced by _____to that party's counsel of record in this action, that was produced

by that party and is in my possession, custody, or control. The return of such Confidential Information includes, but is not limited to, any copies, extracts, summaries that have been prepared by me, counsel representing me or my employer in this litigation, or experts or other individuals acting on my or my employer's behalf; copies maintained on electronic storage devices, including but not limited to, computer databases, hard drives, floppy diskettes, and flash drives; and the portions of all transcripts of depositions and testimony that contain or reference Confidential Information.

      3.    I certify that I have destroyed any work product that relates to any Confidential Information produced by _____ in this case.

      4.    Except in accordance with the above-referenced Stipulated Protective Order, I have not either personally or through any representatives or entities retained or maintained any other party's Confidential Information, including but not limited to, any copies, extracts, summaries that have been prepared by me, counsel representing me or my employer in this litigation, or experts or other individuals acting on my or my employer's behalf; copies maintained on electronic storage devices, including but not limited to, computer databases, hard drives, floppy diskettes, and flash drives; and the portions of all transcripts of depositions and testimony that contain or reference Confidential Information.

B - 3

I have sent the original of this affidavit, via e-mail and U.S. mail, to each party that has produced Confidential Information to me during the pendency of this action, within thirty (30) business days of the final resolution of this lawsuit.

_____

The foregoing Affidavit was acknowledged, subscribed, and sworn to before me this \_\_\_\_ day of _____, 201\_\_, by _____.

[ S E A L ]

_____
Notary Public

My Commission Expires:_____